**In re Lorraine BELDO, Debtor.**

**Bankruptcy No. 89 B 12476 J.**

United States Bankruptcy Court, D. Colorado.

May 18, 1990.

Wayne Stockton, Aurora, Colo., for debtor.

Milton B. O'Rourke and Helen E. O'Rourke, pro se.

MEMORANDUM OPINION
AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER came on for hearing on May 11, 1990, on the Objection to Confirmation of the Debtor's Chapter 13 Plan filed by Milton B. and Helen E. O'Rourke. Their Objection is based upon their allegation that they are secured creditors and the Debtor treats them as unsecured in her Plan.

The evidence showed that in July, 1988, the O'Rourke's sold a town house to the Debtor and took back a Promissory Note for part of the down payment (Creditors' Exhibit 1). The document in question is a standard Promissory Note form printed by a local publishing company. It is a "fill in the blanks" form and it contains the usual and requisite language for a promissory note. The last paragraph of the document reads as follows:

The indebtedness evidenced by this Note is secured by a Town house located at 5771 W. 92nd Ave. #342, Westminister, Co. 80030 in Block 1 of Madison Hill Subdivision.

At the bottom of the document is an acknowledgement properly signed and notarized in accordance with C.R.S. § 38–35–101. The document was duly recorded in the office of the Jefferson County Clerk and Recorder on September 21, 1988. The document also contains the mailing address for the borrower/Debtor and for Mr. O'Rourke.

C.R.S. § 38–30–117 prescribes a short form of real property mortgage in Colorado and provides that every mortgage that is "in substance" in that form when properly executed, shall be a mortgage to secure the payment of the money therein specified. That form provides for the names and addresses of the mortgagee and mortgagor, a description of the property intended to be mortgaged, and the words "... to secure the payment of ____ dollars due ..." The document in question contains all of the elements described in the prescribed form except that it does not state the County in which the property is located. The Court

does not consider this a fatal flaw. The document in question does provide a street number, unit number, subdivision block and name, city, state and ZIP code. There can be no confusion as to which County the property is located in to anyone who inspects the public record. It is, therefore,

ORDERED that the Objection is well taken and that Mr. & Mrs. O'Rourke are secured creditors of the Debtor.

FURTHER ORDERED that the Debtor's Motion to Confirm her Chapter 13 Plan is denied. The Debtor shall have ten (10) days within which to file a new Plan, with the appropriate motion and notices, convert to Chapter 7, or dismiss her case. Failure to elect one of these options will result in dismissal of this case without further notice or hearing.